UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS HAMILTON,

        Plaintiff,

                **DECISION AND ORDER**
                10-CV-1039A

  v.

LOMBARDO, DAVIS & GOLDMAN,

        Defendant.

## I. INTRODUCTION

Plaintiff Dennis Hamilton filed a complaint in this case on December 23, 2010, accusing defendant Lombardo, Davis & Goldman of multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff served defendant with a summons and complaint, but defendant failed to answer or appear. On June 21, 2011, plaintiff filed a motion for default judgment seeking a total of $4,009.50 in statutory damages, costs, and attorney fees. Given the allegations that defendant is deemed to have admitted by default, and given the itemization of costs and fees that plaintiff has submitted, the Court grants the motion and awards damages, costs, and fees in the amount of $2,489.00 as described below.

## II.    BACKGROUND

This case concerns defendant's conduct in attempting to collect on a debt. Because defendant did not appear in the case, and because the complaint does not contain a lot of background information, most details concerning this debt are not available to the Court. For example, the Court cannot determine from the information available what kind of debt defendant attempted to collect and whether it communicated that information to plaintiff;[1] whether plaintiff acknowledges owing any kind of debt, and if so, whether he agrees with defendant's characterization of it; and whether the parties dispute the amount of the debt in question. Nonetheless, the complaint does allege that defendant called plaintiff almost daily in July and August 2010, calling up to four times a day. Defendant's calls included calls to plaintiff's place of employment, even though plaintiff asked not to be called at work. Additionally, defendant allegedly made threats of litigation, garnishment, and arrest against plaintiff, though none of those events have occurred through the present time.

Based on the conduct that he described in his complaint, plaintiff has alleged multiple violations of the FDCPA, including harassment; unauthorized calls to a place of employment; false and misleading representations; and threats to take actions that cannot legally be taken or that are not intended to be taken.

---

[1] Paragraph 10 of the complaint suggests that the debt may relate to an advance on a paycheck, or a "payday loan." The wording of that paragraph, however, is ambiguous as to whether plaintiff contests this information.

Defendant never answered the allegations in the complaint, let alone within the time required by Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). Accordingly, plaintiff requested an entry of default on March 9, 2011. The Clerk of the Court filed an entry of default on March 14, 2011. On June 21, 2011, plaintiff filed his motion for default judgment. In the motion, plaintiff did not request an evidentiary hearing and did not seek actual damages. Plaintiff instead sought $1,000.00 in statutory damages and $3,009.50 in costs and attorney fees.

## III.   DISCUSSION

### A.   *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). Because defendant never answered or otherwise challenged the complaint, all allegations in the complaint are now deemed admitted. Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The Court thus must assess what an appropriate award might be, keeping in mind that plaintiff has not requested an evidentiary hearing or actual damages.

Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing because of the straightforward nature of plaintiff's request for damages, costs, and fees.

### B. *Statutory Damages*

Section 1692k(a)(2)(A) of the FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiffs seek the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct. "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In this case, defendant is deemed to have admitted to frequent communications that harassed plaintiff and to threatening him with litigation, garnishment, and arrest. Defendant's admissions include an admission that it defied plaintiff's request not to be called at his place of employment. Under these circumstances, the Court finds that an award of statutory damages in the amount of $500.00 will suffice to address all of the allegations now deemed admitted.

**C.   *Costs and Attorney Fees***

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded.  *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted).  As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award.").  The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005).  This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.*  The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit has addressed the case law governing attorney fee calculations and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff have submitted an itemization of hours spent on this case. Two corrections are necessary. First, the itemization includes an entry of 0.30 hours for Shireen Hormozdi and entries for Ryan Lee totaling 0.9 hours for administrative updates and file reviews. Since this time does not appear to relate directly to advancing the case, the Court will disregard it. Second, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for

6

paralegals.[2] *See, e.g., Flegal v. First Source Advantage, LLC,* No. 10-CV-771, 2011 WL 1793171, at *3 (W.D.N.Y. May 9, 2011) (Arcara, *J.*); *Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716, 2011 WL 334311, at *5 (W.D.N.Y. Jan. 28, 2011) (Skretny, *C.J.*); *Hoover v. W.N.Y. Capital,* No. 09-CV-955, 2010 WL 2472500, at *3 (W.D.N.Y. June 16, 2010) (Arcara, *J.*). The Court will apply these hourly rates to the itemization of hours to arrive at the following calculations:

- 4.4 hours for Ryan Lee at $215 per hour, for a total of $946.00;

- 1.6 hours for Vivek Tandon at $180 per hour, for a total of $288.00;

- 0.8 hours for Shireen Hormozdi at $180 per hour, for a total of $144.00;

- 0.4 hours for Adam Hill at $215 per hour, for a total of $86.00; and

- 3.5 hours for paralegals at $50 per hour, for a total of $175.00.

Total attorney and paralegal fees, accordingly, add up to $1,639.00.

As adjusted, plaintiff's proposed fees appear reasonable. In assessing whether a reasonable, paying client looking to minimize expenses would be willing to pay for the hours claimed here, the Court bears in mind the provision of the FDCPA awarding attorney fees to successful litigants. Without that provision,

---

[2] Plaintiff has cited to materials that appear to justify hourly rates as high as $465 per hour, depending on attorney experience. The Court rejects these citations because "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons*, 575 F.3d at 174 (2d Cir. 2009) (internal quotation marks and citation omitted). There is one exception to this rule that allows a higher rate, but to qualify, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Id.* at 175. Plaintiff has submitted no evidence qualifying her for that exception.

a reasonable, paying client likely would not spend over $1,600 in fees to receive a $500 judgment. Factoring in that provision, however, a reasonable, paying client likely would endorse the investment of time that counsel claim here. Counsel spent 10.7 hours litigating the entire case, which is about the same as the attorney hours spent in *Flegal* and in *Hoover*, which also ended with a default judgment.

As for costs, plaintiff has requested $350.00 to compensate for filing the complaint. The Court accepts this request as reasonable.

### IV.   CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion (Dkt. No. 6) for default judgment. The Court awards plaintiff $500.00 in statutory damages, $350.00 in costs, and $1,639.00 in attorney fees, for a total award of $2,489.00.

The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 6, 2011